UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HEADLANDS VENTURES, LLC *d/b/a/* MIKE'S BIKES® <br><br> Plaintiff, <br><br> v. <br><br> MIKE HERMAN *d/b/a/* MIKE'S ELECTRIC BIKES, <br><br> Defendant. | CASE NO. 0:21-cv-680 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

## I.   SUMMARY OF THE ACTION

1.   Plaintiff Headlands Ventures, LLC ("Headlands" or "Plaintiff"), which does business nationally as Mike's Bikes®, brings the following action against Defendant Mike Herman ("Herman" or "Defendant"), who does business as Mike's Bikes, Mike's E Bikes, and Mike's Electric Bikes, notwithstanding Plaintiff's Mike's Bikes® trademark registration, longstanding priority of use, and consumer recognition of Plaintiff's well-established Mike's Bikes® brand for an on-line marketplace and retail stores focusing on bicycles, bicycle-related services, and bike-related clothing and accessories.

2.   Plaintiff has given Defendant written notice and ample opportunity to stop infringing on Plaintiff's trademark rights but these requests have been ignored. Accordingly, Plaintiff brings this action to obtain an injunction, damages, and other relief for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).

## II.   THE PARTIES

3.   Plaintiff is a California limited liability company with its principal place of business at 55 Leveroni Ct., Novato, CA 94949.  Mike's Bikes® started with a single store in 1964, which offered some of the nation's first mountain bikes. In the following decades, the

country's interest in cycling has continued to grow and expand, and Mike's Bikes® has continued to grow and expand in pace, while never losing focus on the company's singular dedication to the cycling sport.

4. Plaintiff currently owns and operates twelve Mike's Bikes®-branded retail stores, staffed by more than 250 dedicated cycling professionals, service staff, associates, and bicycling enthusiasts. Today, Mike's Bikes® is one of the largest independent bike dealers in the United States with both retail stores and a substantial online presence. The Mike's Bikes® website (at www.mikesbikes.com) sells bicycles and bike-related clothing and accessories to consumers located throughout the nation, which includes consumers in Minnesota.

5. Plaintiff's bicycle-centric business includes selling a wide selection of electric bikes, including Road, Mountain, and Active electric bikes. Plaintiff and Defendant offer the same type of electric bikes to consumers. Defendant offers these bikes for rent; Plaintiff offers them for sale. And Plaintiff sells electric bicycles and bike-related clothing and accessories to consumers located throughout the nation, which includes consumers in Minnesota.

6. Defendant is an individual residing in Minnesota, with a place of business located at 209 Main Street South, Stillwater, MN 55082. Mr. Herman owns and operates a retail store called "Mike's Electric Bikes" at this location that carries and rents electric bikes. On information and belief, Mr. Herman operates this business as a sole proprietorship or, in the alternative, a corporate form to be determined.

### III.   JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's trademark infringement claim based on 15 U.S.C. § 1125(a).

8. This Court has personal jurisdiction over Defendant, who resides and has conducted substantial business in this judicial district, including regularly doing business and historically deriving revenue from individuals in Minnesota.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

### IV.  FACTUAL BACKGROUND

10. Mike's Bikes® is a well-established brand among cycling professionals, bicycling enthusiasts, and many others who enjoy biking for commuting, exercise, and recreation. Among other types, Mike's Bikes® sells and services road, mountain, and electric bikes. Mike's Bikes® also sells component parts for bikes such as wheels, tires, saddles, chains, and more. In addition, Mike's Bikes® sells bike accessories and cycling apparel, including water bottles, jerseys, helmets, and shoes. Mike's Bikes® sells products made by well-known brands like Specialized and BMC, as well as its own Mike's Bikes®-labeled products.

11. Plaintiff protects its brand identity with registered trademarks for Mike's®, Mike's Bikes®, and MB®. The goods and services covered by these trademarks include, among others, the operation of "retail store and online retail store services featuring bicycles, bicycle parts, bicycle accessories, and bicycle clothing" as well as the "repair and maintenance of bicycles."

12. Specifically, through its significant efforts, and that of hundreds of dedicated employees, Mike's Bikes® has developed and owns substantial goodwill and all rights to the following federally protected trademark registrations issued by the United States Patent & Trademark Office ("USPTO"):

- MIKE'S BIKES® (stylized; Reg. No. 3236853);
- MIKE'S BIKES® (Reg. No. 3100552);
- MIKE'S® (Reg. No. 3629690);
- MB® (Reg. No. 4274252); and
- MB® (stylized; Reg. No. 3247083).

13. Plaintiff is the sole owner of all right, title, and interest in these trademarks, and that ownership is shown on the USPTO's Principal Register. These federal trademark registrations protect Plaintiff's intellectual property and brand across the entirety of the United States.

14. Plaintiff's trademarks are valid. On December 2, 2011, the USPTO accepted

Plaintiff's Declaration of Incontestability for U.S. Registration No. 3100552 (MIKE'S BIKES®). On May 3, 2013, the USPTO accepted Plaintiff's Declaration of Incontestability for U.S. Registration No. 3236853 (MIKE'S BIKES® (stylized)). On March 10, 2015, the USPTO accepted Plaintiff's Declaration of Incontestability for U.S. Registration No. 3629690 (MIKE'S®). On June 8, 2013, the USPTO accepted Plaintiff's Declaration of Incontestability for U.S. Registration No. 3247083 (MB® (stylized)).

15. As a result, these trademark registrations serve as conclusive evidence of the validity of the Mike's®, Mike's Bikes®, and MB® trademarks, the federal registration of these trademarks, Plaintiff's ownership of these trademarks, and its exclusive right to use these trademarks in connection with the goods and services specified in these registrations. 15 U.S.C. § 1115(b).

16. Notwithstanding Plaintiff's established trademark ownership, Defendant began using Mike's Bikes, Mike's E Bikes, and Mike's Electric Bikes as trade names for and in connection with electric bike rentals. In addition, Defendant's business uses Plaintiff's trademark in connection with Defendant's web site at mikeselectricbikes.com, with his Facebook® Business page at www.facebook.com/mikesebikesmn, with his Instagram account at "mikesebikesmn," and with the tag "@mikesebikesmn" on social media.

17. Defendant knew or should have known that Mike's Bikes® was someone else's well-known brand when establishing "Mike's Bikes" as his own business name. Plaintiff owns the "mikesbikes.com" domain name, which points to the main Mike's Bikes® website, and https://www.facebook.com/mikesbikes directs to Plaintiff's Facebook business page. Given that those web addresses were already taken, along with the "mikes-bikes.com" domain name, Defendant simply added "mn" to, for example, the address for his Facebook® Business page, Instagram account, and the tag "@mikesebikesmn" on social media to lead customers to his own accounts. For that matter, searching for "Mike's Bikes" using Google before having his store's signage installed, would have quickly led Defendant to Plaintiff's Mike's Bikes® website.

18. As such, Defendant would have known, or could have determined with any reasonable inquiry, that Mike's Bikes® was already an established brand for retail stores and on-

line sales of bicycles, including electric bikes, and bike-related clothing and accessories and the name Mike's Bikes® had already been federally registered as another company's trademark. Among other things, the fact that Mike's Bikes® is a registered trademark is clearly stated at the bottom of Plaintiff's website.

19. Defendant's use of the Mike's Bikes® trademark, and variations on that trademark, is likely to cause consumers to believe that his goods and services are provided, sponsored, or authorized by the real Mike's Bikes®, or that there is an affiliation between Mike's Bikes® and his "Mike's Bikes" electric bike rental store. Consumer confusion is likely increased because both Plaintiff and Defendant use "Mike's Bikes" in connection with closely related, if not identical, classes of goods and services.

20. Plaintiff has asked Defendant to stop using its Mike's Bikes® trademark and stop infringing on its trademark rights. However, Defendant has ignored these requests and continues to infringe. As a result, the unlawful conduct described by this Complaint remains uncorrected and ongoing. Accordingly, Plaintiff brings this lawsuit to assert the following trademark infringement claim.

## CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1125(a))

21. Plaintiff repeats, realleges, and incorporates by reference the prior allegations of this Complaint as if fully set forth herein.

22. Plaintiff owns the Mike Bikes® mark. In fact, Plaintiff's ownership is presumed given Plaintiff owns the federal trademark registration for Mike's Bikes® as shown on the USPTO's Principal Register.

23. Plaintiff's Mike Bikes® mark is valid. Indeed, validity is presumed given Plaintiff owns the federal trademark registration for Mike's Bikes® as shown on the USPTO's Principal Register.

24. Plaintiff has the exclusive right to use the Mike's Bikes® mark nationwide on or in connection with the bicycle-related goods or services listed in the federal trademark registration for Mike's Bikes® as shown on the USPTO's Principal Register.

25. Plaintiff's rights in the Mike's Bikes® mark are senior to Defendant. Plaintiff first used the Mike's Bikes® mark in commerce well before Defendant started using Mike's Bikes, Mike's E Bikes, and Mike's Electric Bikes as trade names for and in connection with electric bike rentals.

26. Defendant uses the Plaintiff's mark for marketing, promoting, and offering bicycle-related goods and services, including using "Mike's Bikes," and variations on the name, as a store name, in conjunction with Defendant's website, on social media, and elsewhere. Defendant's use of Plaintiff's mark is likely to cause confusion in the minds of consumers about the source or sponsorship of the goods or services offered by the parties.

27. Defendant's actions amount to trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff been damaged by Defendant's infringement in an amount to be determined at trial.

28. Plaintiff will continue to be damaged, and the public will continue to be confused, unless an injunction issues preventing Defendant from continuing to use the Mike's Bikes® mark. Plaintiff has no other adequate remedy at law or in equity.

## PRAYER FOR RELIEF

THEREFORE, for the reasons stated herein, Plaintiff respectfully requests that the Court enter judgment as follows:

1. An Order adjudging that Defendant violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

2. An Order permanently enjoining Defendant from using Plaintiff's Mike's Bikes® mark for marketing, promoting, selling, or renting bicycle-related goods and services, including using Mike's Bikes, Mike's E Bikes, and Mike's Electric Bikes as a retail store name, in conjunction with Defendant's website, or elsewhere;

3. An Order permanently enjoining Defendant from using Mike's Bikes, Mike's E Bikes, and Mike's Electric Bikes on Facebook, Instagram, Twitter, and Yelp when marketing, promoting, and renting bicycle-related goods and services;

4. An Order requiring Defendant disseminate corrective advertising and disclaimers to address the confusion created among consumers by the trademark infringement described herein, including corrective statements on Facebook, Instagram, LinkedIn, Twitter, and a disclaimer on Defendant's business website;

5. An Order awarding damages as described in the above claim, in favor of Plaintiff and against Defendant in an amount to be determined at trial.

6. An Order awarding pre-judgment and post-judgment interest and attorney's fees, costs and other expenses incurred in this action; and

7. An Order granting Plaintiff such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

Dated: March 10, 2021

Respectfully submitted,

 s/ Austen Zuege
Austen Zuege (MN Bar # 330,267)

WESTMAN, CHAMPLIN & KOEHLER, P.A.
121 South Eighth Street, Suite 1100
Minneapolis, MN, USA 55402
Phone: (612) 330-0585
Fax: (612) 334-3312
*azuege@wck.com*

Of Counsel (to be admitted *pro hac vice)*:

Brian E. Mitchell
MITCHELL + COMPANY
595 Pacific Ave 4th Floor
San Francisco, CA 94133
(415) 860-5382
*brian.mitchell@mcolawoffices.com*

Attorneys for Plaintiff,
HEADLANDS VENTURES, LLC